IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROSALYNN L. CAMPBELL,  )  )  Plaintiff,  )  )  v.  )  )  CITY OF MEMPHIS,  )  )  Defendant.  ) | No. 2:24-cv-02895-SHL-atc |

**REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE AND ORDER ON MOTION TO COMPEL**

Before the Court by Order of Reference[1] are Defendant City of Memphis's ("the City") Motion to Compel Responses to Discovery, filed on August 6, 2025 (ECF No. 29), and Motion for Summary Judgment, filed on October 27, 2025 (ECF No. 30). When Plaintiff Rosalynn L. Campbell failed to timely respond to either Motion, on December 8, 2025, the Court entered an Order to Show Cause, requiring her to respond to the City's Motion to Compel by December 15, 2025, and the Motion for Summary Judgment by December 22, 2025. (ECF No. 31.) To date, Campbell has failed to respond to that Order or either of the City's Motions.

For the reasons set forth below, it is recommended that this case be dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). In light of this recommendation, it is further recommended that the City's Motion for Summary Judgment

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

be denied without prejudice as moot. The City's Motion to Compel is denied without prejudice as moot.

## REPORT AND RECOMMENDATION

I.  **Proposed Findings of Fact**

The City's Motion to Compel seeks to require Campbell to respond to its First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests"). (ECF No. 29.) The City served the Discovery Requests on April 17, 2025, making Campbell's responses due by May 19, 2025. (*Id.* at 1.) When she failed to respond, the City's counsel emailed Campbell on May 21, 2025, and requested that she respond to the discovery in advance of her deposition on May 27, 2025. (*Id.*) In response, Campbell provided some "screenshots of emails confirming her applications to certain positions," but, otherwise, she never responded to the City's Interrogatories, and she never provided written responses or any other documents in response to the Requests for Production. (*Id.* at 2.) On June 2, 2025, the parties attempted mediation but were unable to reach a settlement. (ECF No. 27.) Thereafter, counsel for the City emailed and/or called Campbel on July 8, 15, 21, and 24, 2025, to inquire as to whether Campbell would respond to the Discovery Requests, but she never did. (ECF No. 29, at 2.) As a result, on August 6, 2025, the City filed its Motion to Compel. (*Id.*)

Then, on October 27, 2025, the City filed its Motion for Summary Judgment. (ECF No. 30.) That Motion provides:

> On August 6, 2025, the City filed a Motion to Compel in this action, to which Ms. Campbell did not respond. In that Motion, the City noted that Ms. Campbell had produced only a few screenshots of emails around the time of her deposition but did not provide written responses to the City's discovery in this action, nor did she produce any documents with her emailed summary initial disclosures or otherwise respond to the City's requests for production of documents. Based on the argument raised in that Motion (ECF No. 29), the City respectfully anticipates that it would seek leave to file a motion for protective order in this action should

2

>Ms. Campbell rely on documents not produced to-date in this action in response to this Motion for Summary Judgment

(ECF No. 30-1, at 9 n.8.)

When Campbell failed to timely respond to the City's Motion to Compel and Motion for Summary Judgment, the Court entered its Order to Show Cause. (ECF No. 31.) The Order expressly warned Campbell that failure to respond may result in both Motions being granted. (*Id.*) She was also admonished that "[f]ailure to fully comply with this Order and the deadlines set forth above may result in the dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with Court orders." (*Id.* at 2.) To date, Campbell has failed to respond to that Order or either Motion. In fact, since the unsuccessful mediation on June 2, 2025 (ECF No. 27), she has taken no action in this case, on the docket or otherwise, despite the City's Motion to Compel and Motion for Summary Judgment (ECF Nos. 29, 30); the Court's Order to Show Cause (ECF No. 31); and the impending pretrial conference on February 13, 2026, and the trial on February 23, 2026 (ECF No. 23).

**II.     Proposed Conclusions of Law**

Rule 41(b) provides for the involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or court orders. The rule provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.'" *Marchand v. Smith &*

3

*Nephew*, No. 11-cv-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)).

Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). The Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704 (quotation omitted). Ultimately, dismissal under Rule 41(b) is warranted where the plaintiff exhibits a "clear record of delay or contumacious conduct" and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570 (citations and

4

internal quotation marks omitted).  These "'controlling standards should be greatly relaxed' for Rule 41(b) dismissals without prejudice where 'the dismissed party is ultimately not irrevocably deprived of his [or her] day in court.'"  *Wilson v. Shelby Cnty. Div. of Corr.*, No. 2:20-cv-02385-TLP-tmp, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)).

Evaluating these four factors reveals that dismissal of Campbell's case is the only appropriate sanction.  As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'"  *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order).  Campbell has repeatedly demonstrated a reckless disregard for the effect of her conduct on the proceedings before this Court, first by failing to respond to the City's Discovery Requests and continuing to do so throughout May, June, and July, 2025, necessitating the filing of the Motion to Compel.  Since the unsuccessful mediation on June 2, 2025 (ECF No. 27), Campbell has taken no action in this case, on the docket or otherwise, despite the City's pending Motion to Compel and Motion for Summary Judgment, the Court's Order to Show Cause, and the impending pretrial conference and trial.  Campbell's failure to prosecute this lawsuit has resulted in multiple delays and disruptions to both this Court and the City and has imperiled the trial of this matter.  Based on Campbell's failure to engage in the fundamental elements of litigation required by the Local and Federal Rules for over seven months, as well as her disregard of this Court's Order, the first factor is more than satisfied, favoring dismissal.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). As described above, the City has suffered prejudice through Campbell's failure to participate in written discovery or to respond to counsel's communications, resulting in the filing of the Motion to Compel. *See Lacey v. Wells Fargo, N.A.*, No. 2:14-cv-02091-SHL-tmp, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining that "defendants have suffered prejudice as they have retained counsel and expended the cost of attending the multiple scheduled show cause hearings and scheduling conferences, which Plaintiffs failed to attend"). And then Campbell failed to respond to that Motion, the Motion for Summary Judgment, and the Court's Order to Show Cause, further illustrating a lack of good faith, a waste of effort for the City, and the abandonment of this case by Campbell. The City has been prejudiced by Campbell's conduct, supporting dismissal.

The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor clearly supports dismissal, as Campbell was expressly and unambiguously warned that failure to timely respond to the City's Motions and this Court's Order to Show Cause may result in the dismissal of this case.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Instead, in circumstances such as these, where a plaintiff ignores orders of the Court and fails to prosecute

6

her case, dismissal is appropriate. *See, e.g.*, *Lee v. Glaxosmithkline, LLC*, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff "failed to . . . respond to an Order to Show Cause"); *Bass v. Leatherwood*, No. 13-cv-2882-JDT-tmp, 2014 WL 1665205, at *2 (W.D. Tenn. Apr. 24, 2014) (finding dismissal under Rule 41(b) appropriate where a plaintiff, inter alia, failed to respond to an order to show cause). Campbell's conduct—or lack thereof—demonstrates that she has no intention of prosecuting this case, and thus the Court recommends dismissal, rather than a lesser sanction. Furthermore, when a plaintiff is indigent and proceeds *in forma pauperis*, as is the case here (ECF No. 10), "it is likely that a financial sanction would have had no practical deterrent effect." *Shavers*, 516 F. App'x at 571. Simply put, no sanction other than dismissal is appropriate in these circumstances. Thus, the fourth factor weighs in favor of dismissal under Rule 41(b).

Considering the *Carpenter* factors and the entire record in this case, the Court finds that dismissal is warranted, as each of the factors weigh strongly in favor. Campbell's refusal to prosecute this case, despite being prompted and ordered to do so, renders dismissal the appropriate outcome.

The Court further recommends the dismissal of this case be without prejudice, which "balances the Court's interest in docket management with the public policy interest of deciding cases on their merits." *Muncy*, 110 F. App'x at 556 n.5. Dismissal without prejudice "is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se." *Clayborn v. Lee*, No. 3:22-cv-00458, 2022 WL 17420375, at *4 (M.D. Tenn. Dec. 5, 2022) (citing *Schafer*, 529 F.3d at 737). Nonetheless, "the Sixth Circuit 'recognize[s] that dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where . . . the

limitation period ended and Plaintiffs' suit is now time-barred.'" *Northcutt v. Tenn. Dep't of Treasury*, No. 3:21-cv-00823, 2022 WL 1056419, at *2 (M.D. Tenn. Apr. 8, 2022) (quoting *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001)). As the court in *Northcutt* recognized, however, the result may be harsh, but "the Court lacks other appropriate, less drastic sanctions at this time." 2022 WL 1056419, at *4.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and that the City's Motion for Summary Judgment (ECF No. 30) be denied without prejudice as moot.

### ORDER ON MOTION TO COMPEL

In light of the recommendations above, the City's Motion to Compel (ECF No. 29) is DENIED without prejudice as moot. If necessary, the City may renew this Motion after the resolution of the Report and Recommendation by Chief United States District Judge Sheryl H. Lipman.

### CONCLUSION

For the reasons set forth above, it is RECOMMENDED that this case be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and that the City's Motion for Summary Judgment be denied without prejudice as moot. The City's Motion to Compel is DENIED without prejudice as moot.

Respectfully submitted this 23rd day of January, 2026.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.