# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROSALYNN L. CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-02895-SHL-atc |
| CITY OF MEMPHIS, | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed January 23, 2026. (ECF No. 33.) The R&R recommends that (1) the Court dismiss pro se Plaintiff Rosalynn Campbell's complaint with prejudice for failure to prosecute, (2) deny Defendant City of Memphis' Motion for Summary Judgment (ECF No. 30) as moot, and (3) deny the City's Motion to Compel (ECF No. 29) as moot. (ECF No. 33 at PageID 129.)

After the City served its First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests") on Campbell in April 2025, Campbell failed to timely respond. Thus, the City emailed Campbell, requesting a response, and she emailed back "screenshots of emails confirming her applications to certain positions," but did not provide answers or documents relevant to the Discovery Requests. (ECF No. 29 at PageID 66.) The City's discovery struggles continued through June and July, resulting in the City's Motion to Compel, filed August 6, 2025. (Id. at pageID 66–67.) Campbell did not respond to the Motion to Compel.

On October 27, 2025, the City filed the Motion for Summary Judgment. (ECF No. 30.) Once again, Campbell did not respond. Thus, on December 8, the Court ordered Campbell to show cause for failure to respond, and to respond to both motions: she had until December 15 to respond to the Motion to Compel and until December 22 to respond to the Motion for Summary Judgment. (ECF No. 31 at PageID 120–21.) Campbell was expressly warned that failure to respond could result in both motions being granted. The Court also warned Campbell that continued failure to comply with court orders and the governing procedural rules could result in dismissal under Federal Rule of Civil Procedure 41(b).

The instant R&R followed, filed on January 23, 2026. (ECF No. 33.) The R&R acknowledges Campbell's continued failure to respond to the City's motions and the Court's orders. (Id. at PageID 124.) It also notes that "since the unsuccessful mediation on June 2, 2025, [Campbell] has taken no action in this case, on the docket, or otherwise, despite the City's Motion to Compel and Motion for Summary Judgment; the Court's Order to Show Cause; and the impending pretrial conference on February 13, 2025, and the trial on February 23, 2026." (Id.) Applying Federal Rule of Civil Procedure 41(b), the R&R concludes that "dismissal of Campbell's case is the only appropriate sanction" for her failure to prosecute because all four Carpenter factors favor dismissal. (Id. at PageID 126.)

The Carpenter factors guide courts when determining whether to dismiss under Rule 41(b), and they include whether (1) there was willfulness, bad faith, or fault on the plaintiff, (2) the opponent was prejudiced by the plaintiff's conduct, (3) there were prior warnings to the plaintiff about the risk of dismissal, and (4) less drastic sanctions were considered before dismissal. (Id. at PageID 125 (quoting Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013)).) The R&R finds that, considering the record and these factors, "Campbell's refusal to

prosecute . . . despite being prompted and ordered to do so, renders dismissal" appropriate. (ECF No. 33 at PageID 128.)

Finally, the R&R recommends that dismissal "be without prejudice," as it balances this Court's interest in judicial economy with the "public policy interest of deciding cases on their merits." (Id. (quoting Muncy v. G.C.R., Inc., 110 F. App'x 552, 556 n.5 (6th Cir. 2004)).) And because of the dismissal recommendation, the R&R states that the pending motions should be denied without prejudice as moot. (Id. at PageID 129.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Campbell's deadline to object to the R&R was February 6, 2026, and she filed none. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R properly describes Campbell's failure to prosecute her claim for age discrimination, and the Court agrees that the case should be dismissed without prejudice. Therefore, the Court **ADOPTS** the R&R, **DISMISSES** the complaint **WITHOUT PREJUDICE**, and

finds that an appeal would not be taken in good faith.  The Motion to Compel (ECF No. 29) and Motion for Summary Judgment (ECF No. 30) are **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 11th day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
